BENJAMIN S. SOFTNESS (SBN 361435)
bsoftness@kslaw.com
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

LAURA E. HARRIS (Admitted *pro hac vice*)
lharris@kslaw.com
**KING & SPALDING LLP**
1290 Avenue of the Americas, 14th Floor
New York, NY 10104
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

ZACHARY A. MCENTYRE (Admitted *pro hac vice*)
zmcentyre@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Telephone: (404) 572-2176
Facsimile: (404) 572-5100

*Counsel for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS THELE and MELO PORTER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:25-cv-09704-NW<br><br>[*The Honorable Noël Wise*]<br><br>**DEFENDANT GOOGLE LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT GOOGLE LLC'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date: April 15, 2026<br>Time: 9:00 AM<br>Location: Courtroom 3 – 5th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rule of Evidence 201, Defendant Google LLC ("Google") respectfully requests that the Court take judicial notice of the following materials in support of its Motion to Dismiss Plaintiffs' First Amended Complaint, filed concurrently with this Request for Judicial Notice.

A. Google's Privacy Policy in effect from July 1, 2025, to December 10, 2025, attached as **Exhibit A** to the Declaration of Laura E. Harris ("Harris Declaration").

B. Google's current Terms of Service, effective May 22, 2024, attached as **Exhibit B** to the Harris Declaration.

C. The November 5, 2025, *PC Mag* article "I Let Gemini Access My Gmail, and It's Downright Creepy" by Ruben Circelli, attached as **Exhibit C** to the Harris Declaration, which Plaintiffs Thomas Thele and Melo Porter ("Plaintiffs") cite and quote in their First Amended Complaint, ECF 6, ¶ 17.

Dated: January 21, 2026

**KING & SPALDING LLP**

By: */s/ Laura E. Harris*
Laura E. Harris
Benjamin S. Softness
Zachary A. McEntyre

*Counsel for Defendant Google LLC*

## MEMORANDUM AND POINTS OF AUTHORITY

Concurrent with this Request, Google has filed a Motion to Dismiss Plaintiffs' First Amended Complaint (the "Motion"). In ruling on the Motion, the Court should take judicial notice of the documents listed above and described herein.

### I. LEGAL STANDARD

When deciding a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Federal Rule of Evidence 201 "permits a court to take judicial notice of an adjudicative fact 'not subject to reasonable dispute,' that is 'generally known' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 189 (N.D. Cal. 2019) (quoting Fed. R. Evid. 201(b)). Among other things, "publicly available websites whose accuracy is not subject to reasonable dispute" may be judicially noticed. *Id.* Online policies and terms of service are routinely found to meet this standard. *See, e.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010); *see also Google Location Hist.*, 428 F. Supp. 3d at 189 (taking judicial notice of Google's privacy policy and Google support web pages); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1205 (N.D. Cal. 2014) (taking judicial notice of web pages).

### II. THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE EXHIBITS

Exhibits A and B are the agreements that govern the relationship between Google and all of its users: its Terms of Service and its Privacy Policy. These documents are routinely approved for judicial notice by courts in this District. *See, e.g.*, *Google Location Hist. Litig.*, 428 F. Supp. 3d at 189 (taking judicial notice of Google's privacy policy and Google support web pages); *M.D. v. Google LLC*, 2025 WL 2710095, at *2–3 (N.D. Cal. Sept. 23, 2025) (taking judicial notice of Google's "various terms and policies at issue"). That is in part because they are publicly available webpages whose accuracy is not subject to reasonable dispute. *See MACOM Tech. Sols. Inc. v.*

*Litrinium, Inc.*, 2019 WL 4282906, at *1 (C.D. Cal. June 3, 2019) ("Information on publically [*sic*] accessible articles or websites is subject to judicial notice of the fact that the information was available to the public because such availability is not subject to reasonable dispute.").

Judicial notice is all the more appropriate here, because the documents have been explicitly incorporated by reference into Plaintiffs' First Amended Complaint ("Complaint" or "FAC"), ECF 6 (filed Nov. 12, 2025). Incorporation by reference occurs where "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*, 795 F.3d 1124, 1127 n.1 (9th Cir. 2015) (acknowledging that a document was incorporated by reference because it "was cited repeatedly in the complaint"); *Khoja*, 899 F.3d at 1002–03 (holding that the district court properly incorporated web articles, market reports, and blog posts that formed the basis of the plaintiff's claims). That standard is easily met here, where Plaintiffs repeatedly cite, and indeed rely on, the privacy policy and terms in the Complaint. *See, e.g.*, FAC ¶¶ 11 (Terms of Service, Ex. B), 15 (Terms of Service, Ex. B, and Privacy Policy, Ex. A).

The same is true of the *PC Mag* article attached as Exhibit C. Plaintiffs quote the article extensively and include a link to the original source—clear indicators of incorporation by reference. *See Name.Space*, 795 F.3d at 1127 n.1. Here, too, Plaintiffs do not just cite the article, but rely on it as well. *See* FAC ¶ 17.

Notably, the doctrine of incorporation by reference prevents "artful pleading by plaintiffs" who may "select[] only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002–03. That rationale, and the doctrine in general, apply with "equal force to internet pages," *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005), as they do to physical attachments. "Just as a reader must absorb a printed statement in the context of the media in which it appears, a computer user necessarily views web pages in the context of the links through which the user accessed those pages." *Id.* That rationale applies here, where Plaintiffs have selectively cited the three online documents in issue, and where Google contends that other portions of those documents provide the

Court with needed context.

## III. CONCLUSION

Google respectfully requests that the Court take judicial notice of each of the Exhibits listed above.

Dated: January 21, 2026

**KING & SPALDING LLP**

By: */s/ Laura E. Harris*
Laura E. Harris

*Counsel for Defendant*
*Google LLC*