UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| THOMAS THELE, et al.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>GOOGLE LLC,<br><br>                    Defendant. | Case No. 25-cv-09704-NW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 22 |

Plaintiffs Thomas Thele and Melo Porter (together, "Plaintiffs") bring this putative class action, on behalf of themselves and all others similarly situated, based on Defendant Google, LLC's ("Defendant" or "Google") alleged secret tracking of their private communications. First Amended Complaint, ECF No. 6 ("FAC"). On January 21, 2026, Google filed a motion to dismiss Plaintiffs' FAC for lack of subject matter jurisdiction and for failure to state a claim. ECF No. 22. The motion is fully briefed. ECF Nos. 28, 29. Having considered the parties' briefs and the relevant legal authority, the Court concluded oral argument was not required and vacated the motion hearing. N.D. Cal. Civ. L.R. 7-1(b). The Court GRANTS Google's motion to dismiss with leave to amend.

I.      **BACKGROUND**[1]

Plaintiffs allege that Google has enabled artificial intelligence ("AI") features in Gmail, Chat, and Meet, without account holders' consent, that track and store private communications. Google's AI program is named Gemini, and historically, account holders "could 'opt in' and turn on Gemini as a 'Smart' feature." FAC ¶ 1. Plaintiffs assert that on or about October 10, 2025,

---

[1] The factual background is drawn from the First Amended Complaint. *See* ECF No. 6.

Google enabled Gemini for all account holders; account holders no longer needed to "opt in" for Gemini to be deployed in their accounts.  As a result, Gemini now tracks users' private communications in Gmail, Chat, and Meet "*by default*, requiring users to affirmatively find this data privacy setting and shut it off."  *Id*. ¶ 2 (emphasis in original).

Plaintiffs Thele and Porter are Gmail, Chat, and Meet account holders who have maintained and used Google services "[f]rom at least October 10, 2025 until the present."  *Id*. ¶¶ 7-8.  Plaintiffs value their privacy and state that they "reasonably expected" their password-protected services to remain private.  *Id*. ¶ 7.  Plaintiffs contend that "Google surreptitiously turned on the 'Smart features' setting in Plaintiff[s'] Data privacy settings without Plaintiff[s'] knowledge or consent and began tracking Plaintiff[s'] private communications with Gemini AI."  *Id*.  Plaintiffs do not provide examples of the messages or communications that were tracked with Gemini, but instead share that Gemini could have gleaned financial information, employment records, religious and political affiliations, medical data, and information about family and friends.

Plaintiffs bring five claims: (1) violation of California's Invasion of Privacy Act, Cal. Pen. Code §§ 630, *et seq.*; (2) intrusion upon seclusion; (3) violation of California's constitutional right to privacy, Cal. Const. Art. I, § 1; (4) violation of the California Computer Data and Access Fraud Act, Cal. Pen. Code § 502; and (5) violation of the Stored Communications Act, 18 U.S.C. § 2701, *et seq*.  Plaintiffs seek damages and injunctive relief.

## II.    LEGAL STANDARD

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the [plaintiff]."  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

United States District Court
Northern District of California

2

United States District Court
Northern District of California

### III.    DISCUSSION

Google first moves to dismiss Plaintiffs' complaint for lack of standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561–62 (1992); *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (complaints should be dismissed under 12(b)(1) when plaintiffs have not established standing). To demonstrate Article III standing, a plaintiff must show an injury, trace that injury to the defendant's conduct, and prove that courts can provide adequate redress for the injury. *Lujan*, 504 U.S. at 560-61. "[T]here must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant.'" *Id.* at 560 (citations omitted).

Here, the harm at the core of Plaintiffs' complaint is the alleged "intrusion into [Plaintiffs'] private affairs." FAC ¶ 48. However, Plaintiffs fail to allege this theory of harm with adequate specificity. As the Ninth Circuit has instructed, a plaintiff is required to "demonstrate more than just a statutory violation" for purposes of alleging a concrete injury. *Popa v. Microsoft Corp.*, 153 F.4th 784, 793 (9th Cir. 2025); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) ("Only those plaintiffs who have been *concretely* harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." (emphasis in original)). Plaintiffs have not met their burden to demonstrate how they have been "*concretely* harmed." They do not allege: when they signed up for Google services; whether they used Google services before October 10, 2025; what the basis is for the October 10, 2025 date referenced in their complaint; if they were notified of Google's privacy policies when they signed up for Google services; if the Gemini features were "on" when they made Google accounts; or whether they have since disabled Gemini features. Simply, there is no indication from Plaintiffs that Gemini services were not already "on" as a default feature before October 10, 2025, or even when Plaintiffs began using their Google products.

Most importantly, Plaintiffs have not alleged that their own data has been impacted by Gemini tracking. While Plaintiffs generalize the types of information accessible in their Google accounts (i.e., financial, medical, employment data), Plaintiffs do not identify what – if any – personal data Gemini actually accessed or used. Plaintiffs have not observed their data being used

3

by Gemini, for example, via targeted advertisements, personalized suggestions, or other changes in their services. *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *5 (N.D. Cal. Sept. 20, 2011) (holding that plaintiffs' general allegations about tracking of data via phone applications and "abstract concepts" of harm were not sufficient for Article III standing); *compare Shah v. MyFitnessPal, Inc.*, 824 F. Supp. 3d 906, 914 (N.D. Cal. 2026) (finding that specific allegations of third parties actually obtaining plaintiffs' sensitive nutrition and fitness data, after defendant collected such data, was sufficient to establish an injury in fact). Instead, Plaintiffs have so far only alleged that Gemini could be used to track their data. This is insufficient to allege an injury in fact.

Plaintiffs additionally fail to adequately allege standing to seek injunctive relief. A plaintiff who has been wronged is only entitled to injunctive relief if they can show that they face "real or immediate threat . . . that [they] will again be wronged in a similar way." *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) (citation omitted). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974). Plaintiffs do not contend that they, nor the alleged class members, are at risk of experiencing the same harm repeatedly or in the future. As Google asserts, "Plaintiffs can themselves eliminate any risk of future harm by disabling the feature they say puts them at risk." ECF No. 22 at 17; *see Darisse v. Nest Labs, Inc.*, 2016 WL 4385849, at *3 (N.D. Cal. Aug. 15, 2016) ("Allegations that a defendant's continuing conduct subjects unnamed class members to the alleged harm are insufficient if the named plaintiffs are themselves unable to demonstrate a likelihood of future injury."). Plaintiffs have not adequately alleged that they, or the putative class members, will be harmed in the future and therefore have not established standing to bring claims for injunctive relief.

## IV. CONCLUSION

Defendant's motion is GRANTED with leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (pursuant to Rule 15(a), leave to amend "shall be freely granted when justice so requires," keeping in mind the underlying purpose of Rule 15 is "to facilitate decision on the

United States District Court
Northern District of California

merits, rather than on the pleadings or technicalities.") (en banc) (internal quotes omitted). Plaintiffs shall file an amended complaint within 21 days of this Order.

**IT IS SO ORDERED.**

Dated: July 7, 2026

Noël Wise
United States District Judge